# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: K.W.**

**No. 13-1319** (Mercer County 13-JA-24)

**FILED**

June 16, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother, by counsel John Byrd, appeals the Circuit Court of Mercer County's December 4, 2013, order terminating her parental, custodial, and guardianship rights to one-year-old K.W. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel William Jones, filed its response in support of the circuit court's order. The guardian ad litem ("GAL"), Catherine Wallace, filed a response on behalf of the child that also supported the circuit court's order. On appeal, Petitioner Mother alleges that the circuit court did not have jurisdiction to proceed on the abuse and neglect petition filed against her.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2008, Petitioner Mother's parental rights to three of her children were involuntarily terminated for failing to follow through with a detoxification program and other rehabilitative services. The following year, Petitioner Mother voluntarily relinquished her parental rights to a fourth child. In March of 2013, Petitioner Mother gave birth to K.W. in North Carolina. Pursuant to West Virginia Code § 49-6-5b,[1] the DHHR filed a petition for abuse and neglect based upon the prior involuntary termination of Petitioner Mother's parental rights.

During the preliminary hearing, the circuit court heard testimony that Petitioner Mother fled to North Carolina to avoid Child Protective Services ("CPS") intervention; that Petitioner Mother maintained a physical address in Mercer County, West Virginia, and received services there; and finally that Petitioner Mother and K.W.'s father were under the supervision of a Mercer County parole officer. In October of 2013, the circuit court held a dispositional hearing and found that Petitioner Mother did not respond to or follow through with a reasonable family case plan or other rehabilitative efforts. As such, the circuit court terminated Petitioner Mother's parental, custodial, and guardianship rights. It is from this order that Petitioner Mother now appeals.

---

[1]West Virginia Code § 49-6-5b states that "the [DHHR] shall file or join in a petition or otherwise seek a ruling in any pending proceeding to terminate parental rights or the parental rights of the parent to a sibling have been terminated involuntarily."

1

The Court has previously established the following standard of review in such cases:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon our review, the Court finds no error in the circuit court's termination of Petitioner Mother's parental, custodial, and guardianship rights. As her sole assignment of error, Petitioner Mother argues that the circuit court did not have jurisdiction to proceed in this abuse and neglect case. Specifically, Petitioner Mother argues that the circuit court did not have "temporary emergency jurisdiction" of this case pursuant to West Virginia Code § 48-20-201[2] and the jurisdictional tests set forth in *In Re: K.R.*, 229 W.Va. 733, 741, 753 S.E.2d 882, 890 (2012),[3] because she lived in North Carolina and K.W. was born in North Carolina.

While Petitioner Mother alleges that she was living in North Carolina, this alone does not support an intention to change her residency to the State of North Carolina. In this case, Petitioner Mother was a named party to the abuse and neglect petition and a resident of Mercer County. The petition listed Petitioner Mother's physical address as being within Mercer County, and further stated that she had been receiving Medicaid and Supplemental Nutrition Assistance Program benefits in Mercer County. The circuit court also heard testimony that Petitioner Mother went to North Carolina in an attempt to avoid CPS intervention. Based upon these facts, we

---

[2]West Virginia Code § 48-20-201 states that

> a court of this state has jurisdiction to make an initial child custody determination only if: (1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding, and the child is absent from this state but a parent or person acting as a parent continues to live in this state.

[3]"These four bases have been aptly summarized as 1) 'home state' jurisdiction; 2) 'significant connection' jurisdiction; 3) 'jurisdiction because of declination of jurisdiction'; and 4) 'default' jurisdiction."

cannot say that the circuit court erred in finding that it had jurisdiction over Petitioner Mother given the substantial evidence that she resided in Mercer County, West Virginia.

As to the termination of Petitioner Mother's parental, custodial, and guardianship rights, we find no error in the circuit court's termination. We have previously held that "courts are not required to exhaust every speculative possibility of parental improvement before terminating parental rights where it appears that the welfare of the child will be seriously threatened . . . ." Syl. Pt. 4, in part, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011) (quoting Syl. Pt. 1, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980)).

During the dispositional hearing, the circuit court heard testimony that Petitioner Mother refused to enter into a family case plan, failed to communicate with the DHHR to arrange visitation, and failed to attend a multidisciplinary team meeting. Pursuant to West Virginia Code § 49-6-5(b)(3), a situation in which there is no reasonable likelihood that the parent can substantially correct the conditions of abuse and neglect includes one where "[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child . . . ." As set forth above, this evidence shows that Petitioner Mother failed to follow through with a reasonable case plan to correct the conditions of abuse and neglect. Further, the circuit court found that termination of Petitioner Mother's parental, custodial, and guardianship rights was necessary for the child's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental, custodial, and guardianship rights upon these findings.

For the foregoing reasons, we find no error in the decision of the circuit court and the December 4, 2013, order is hereby affirmed.

Affirmed.

**ISSUED**: June 16, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II